

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

No. PD-1532-07

RODGER LOU GRISSAM, Appellant

v.

THE STATE OF TEXAS

On Discretionary Review of Case 02-05-00422-CR of the
Second Court of Appeals,
Hood County

*WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion.*

An indictment accused the appellant of committing burglary of a habitation in each of two ways in which such an offense can be committed: (1) by entering with intent to commit theft or (2) by entering and thereafter committing (or attempting to commit) theft. The trial court's charge to the jury should have explained both kinds of burglary and authorized them to convict on either. Instead it explained one kind in the abstract statement of the law and authorized conviction on the other in the application paragraph:

Our law provides that a person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation *with intent to commit theft*.

…

Now if you find from the evidence beyond a reasonable doubt that Defendant, RODGER LOU GRISSAM, in Hood County, Texas, on or about the 27th day of August, 2004, either acting alone or with Joseph LeFebvre as a party to the offense herein before defined, did then and there intentionally or knowingly, without the effective consent of Ashley Carey, the owner thereof, enter a habitation *and did attempt to commit or commit theft*, then you will find the defendant guilty of the offense of Burglary of a Habitation as alleged in the indictment. [Emphases added.]

The legal sufficiency of evidence is measured against the requirements for conviction in a correct charge of the court (as distinguished from the charge that actually was given). *Malik v. State*, 953 S.W.2d 234 (Tex. Cr. App. 1997).

The Court of Appeals recognized that standard, but it read *Malik* and other decisions to forbid it from applying any theory that was not submitted to the jury in the application paragraph of the charge. *See Grissam v. State*, No. 2-05-422-CR, 2007 Tex. App. LEXIS 6843, at *8–9 (Tex. App.—Fort Worth Aug. 24, 2007) (not designated for publication).

We said in *Malik* that "due process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury." 953 S.W.2d, at 238 n.3. But that statement was followed immediately by our discussion of the holding of a federal court of appeals that sufficiency of the evidence should be measured by the law of parties that was in the abstract portion of the charge but not in the application paragraph, and noting that the federal court's decision "implied that the complete absence" of the theory from the charge may present constitutional problems. *Ibid.*

In the case before us, both theories of burglary were in the charge, although only one was in the application paragraph. The legal sufficiency of the evidence should have been measured against the requirements for conviction under either theory of burglary.

We vacate the judgment of the Court of Appeals and remand the case to that court for further consideration.

Delivered September 10, 2008.
Publish.